<hr/>

McGREGOR, Respondent, v. LANG, Appellant.

(No. 2,095.)

(Submitted May 2, 1905.   Decided July 3, 1905.)

*Claim  and  Delivery—Pleadings—Complaint—Sufficiency— Presumptions—Verdict — Findings — Judgment—Description of Property.*

Claim and Delivery—Pleadings—Sufficiency of Complaint.
    1.   A complaint alleging that defendant at divers times prior to and within one year before a certain date wrongfully and without plaintiff's consent took certain cattle from his possession; "that on the 10th day of March, 1902, plaintiff was, ever since has been, and now is the owner of the following described cattle * * * of the value of $1,200''; that before the commencement of the action on March 10, 1902, plaintiff demanded of defendant possession of the cattle; and that defendant still unlawfully withholds them from plaintiff's possession—was good as against a general demurrer.

Appeal—Presumptions—Evidence—Support of Verdict.
    2.   On appeal from a judgment in claim and delivery for cattle converted by defendant, the court must presume, in the absence of the evidence, that such evidence supported the verdict, which found that plaintiff was the owner of only part of the cattle claimed, and placed a value upon the part, averaging more per head than the sum claimed for all averaged per head.

Claim and Delivery—Verdict—Implied Findings.
    3.   A general verdict for plaintiff in claim and delivery implies a finding on each material issue, and it is not necessary that there be an express finding that the plaintiff was the owner or entitled to the possession of the property at the time of the commencement of the action.

Claim and Delivery—Judgment—Description of Property—Sufficiency.

4.  In an action for claim and delivery, the jury found by general verdict that plaintiff "is the owner and entitled to the possession of the following described animals: Twenty-six steers branded $\frac{11}{11}$ on the left side, and fish or dove tail earmarks;　* * *　ten heifers, branded $\frac{11}{11}$ on the left side, and fish or dove tail earmarks.　* * *"　The judgment ordered that plaintiff have and recover the property described in the verdict.  *Held,* that the judgment was not so vague and uncertain in the description of the property as to render it impossible to identify the animals and enable defendant to make a return thereof.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by F. McGregor against John Lang, Jr.  From a judgment for plaintiff, defendant appeals.  Affirmed.

*Mr. Sidney M. Logan,* and *Messrs. Foot & Pomeroy,* for Appellant.

The verdict does not find that at the time of the commencement of the action the plaintiff was the owner and entitled to the possession.  In this particular the verdict and judgment are not sustained by the allegations of the complaint or the finding of the jury.  (*Bane v. Peerman,* 125 Cal. 220, 57 Pac. 885; *Gillette* v. *Hibbard,* 3 Mont. 419; *Largey* v. *Sedmon,* 3 Mont. 476; *Foster* v. *Wilson,* 5 Mont. 57, 2 Pac. 310; *Quirk* v. *Clark,* 7 Mont. 31, 14 Pac. 669; *Whiteside* v. *Lebcher,* 7 Mont. 478, 17 Pac. 548; 1 Freeman on Judgments, 120, 257, 258, *et seq.; Gregory* v. *Nelson,* 41 Cal. 286; *Beronio* v. *Ventura Lumber Co.,* 129 Cal. 236, 79 Am. St. Rep. 118, 61 Pac. 958; *Chapman* v. *Hughes,* 134 Cal. 654, 58 Pac. 298, 60 Pac. 974, 66 Pac. 982; *Harris* v. *Lloyd,* 11 Mont. 405, 28 Am. St. Rep. 475, 28 Pac. 736; *Croke* v. *American Nat. Bank,* 17 Colo. App. 3, 70 Pac. 229; *In re Craigie's Estate,* 24 Mont. 42, 60 Pac. 495.)  "Ownership alone, without possession, is not sufficient to support the action.  The action is possessory, and ownership is only incidental to the main issue."  (Cobbey on Replevin, sec. 91.  See, also, Id., sec. 132; *Bach, Corey & Co.* v. *Montana L. & P. Co.,* 15 Mont. 346, 39 Pac. 291; *Cameron* v. *Wentworth,* 23 Mont. 78, 57 Pac. 648; *Glass* v. *Basin*

*& B. S. Min. Co.* (Mont.), 77 Pac. 303; *W. W. Kimball Co.* v. *Redfield,* 33 Or. 292, 54 Pac. 216; *Truman* v. *Young,* 121 Cal. 490, 53 Pac. 1073; *Babcock* v. *Caldwell,* 22 Mont. 461, 56 Pac. 1081; *Laubenheimer* v. *McDermott,* 5 Mont. 517, 6 Pac. 344.) The plaintiff must allege and prove a right of possession at the commencement of the action. (*People's Sav. Bank of Fresno* v. *Jones,* 114 Cal. 422, 46 Pac. 278; *Garcia* v. *Gunn,* 119 Cal. 315, 51 Pac. 684; *Holly* v. *Herskell,* 112 Cal. 174, 44 Pac. 466; *Fredericks* v. *Tracy,* 98 Cal. 658, 33 Pac. 750; *Bane* v. *Peerman,* 125 Cal. 220, 57 Pac. 885.)

This verdict does not even find an unlawful detention on the part of the defendant. It simply finds that plaintiff *is entitled to the possession.* If being silent upon the issue as to detention, the judgment is no bar to an action in conversion against the defendant, or an action in claim and delivery against his vendees. (*Campbell* v. *Rankin,* 2 Mont. 368; *Glass* v. *Basin & B. S. Min. Co.* (Mont.), 77 Pac. 303; *Klinschmidt* v. *Benzee,* 14 Mont. 55, 43 Am. St. Rep. 604, 35 Pac. 460.)

In this important particular the verdict does not respond to the issues. (*Jones* v. *Snyder,* 8 Or. 127; *Smith* v. *Smith,* 17 Or. 444, 21 Pac. 439.) "The verdict must describe the property with certainty. Thus where four hogs were in issue, and the jury found for plaintiff for two, without stating which two, the verdict was too uncertain to support a judgment." (Cobbey on Replevin, sec. 1066, and cases cited; see, also, sec. 1067, and cases cited, and sec. 1069.)

*Messrs. Noffsinger & Folsom, Mr. B. J. McIntire,* and *Mr. W. H. Poorman,* for Respondent.

"The complaint must contain an averment that the plaintiff is the owner of the property, or that the title is in him, or that the right of possession is in him at the time of the commencement of the suit." (*Oleson* v. *Merrill,* 20 Wis. 462, 91 Am. Dec. 428; *Pattison* v. *Adams,* 7 Hill, 126, reported in 42 Am. Dec. 59, which is a leading case; *Luther* v. *Arnold,* 8

Rich. 24, 62 Am. Dec. 422; *Simmon* v. *Lyons,* 55 N. Y. 671; *Pope* v. *Hanmer,* 74 N. Y. 240; *Zirngibl* v. *Calumet & C. Canal etc. Co.,* 157 Ill. 430, 42 N. E. 431; *Plew* v. *Missouri etc. Ry. Co.* (Tex. Civ. App.), 29 S. W. 403; *Scofield* v. *White-legge,* 49 N. Y. 259; *Vogel* v. *Babcock,* 1 Abb. Pr. 167.)

From the allegation of ownership, right of possession is presumed. The pleading must state the ultimate fact, that is, ownership, or if not an owner, a state of facts showing a special property in the property sought to be recovered, which entitles plaintiff to its possession. (18 Ency. of Pl. & Pr. 537 ;. *Wilmot* v. *Lyon,* 7 Ohio C. C. Dec. 397; *Robinson* v. *Fitch,* 26 Ohio St. 659.)

The verdict complies with section 1103 of the Code of Civil Procedure. (See *Prescott* v. *Heilner,* 13 Or. 200, 9 Pac. 403; *Stephens* v. *Scott,* 13 Ind. 515; *Onstatt* v. *Ream,* 30 Ind. 259, 95 Am. Dec. 695; *Johnson* v. *Fraser,* 2 Idaho, (404), 371, 18 Pac. 48; *Corbell* v. *Childers,* 17 Or. 528, 21 Pac. 670; *Cassel* v. *Western Stage Co.,* 12 Iowa, 47; *Branstetter* v. *Morgan,* 3 N. D. 290, 55 N. W. 758; *Etchepare* v. *Aguirre,* 91 Cal. 288, 25 Am. St. Rep. 180, 27 Pac. 668.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an action in claim and delivery, wherein the plaintiff, in an imperfect complaint, alleges that the defendant "at divers times prior to and within one year before the 1st day of March, 1902, * * * without plaintiff's consent, wrongfully took" certain cattle from his possession, and that on the 10th day of March, 1902, "the plaintiff was, ever since has been, and now is the owner of the following described cattle: Thirty-five head of range cattle, consisting of steers and cows, branded on left side, and earmarks of fish or dove tail, of the value of $1,200, and thirteen yearling heifers with the same brands and marks as aforesaid, and of the value of $326; that before the commencement of this action, to-wit, on or about the 10th

day of March, 1902, the plaintiff demanded of the defendant possession of said cattle"; that the defendant "still unlawfully and wrongfully withholds and detains said goods and chattels from the possession of the plaintiff, to his damage," etc.

The defendant answered, denying each and every allegation of the complaint. There was not any demurrer. The jury found by general verdict that plaintiff "is the owner and entitled to the possession of the following described animals: Twenty-six steers branded $\frac{11}{11}$ on the left side, and fish or dove tail earmarks, of the value of $42.50 each, and of the aggregate value of $1,105.00; ten heifers, branded $\frac{11}{11}$ on the left side, and fish or dove tail earmarks, of the value of $25 each, and of the aggregate value of $250.    *    *    *" The jury did not award any damages for the detention of the property.

The judgment ordered that the plaintiff have and recover the property described in the verdict, or be compensated by the defendant according to the value fixed in the verdict. From this judgment the defendant appealed.

The appellant specifies as error, first, that the court erred in entering judgment, for that the complaint does not state facts sufficient to constitute a cause of action, alleging four grounds: (1) That there is not any allegation that the plaintiff was the owner of any of the cattle at the time of the taking; (2) that there is not any allegation that at the time of the alleged trespass or of the commencement of the action the plaintiff was in possession or entitled to the possession of any of the cattle; (3) that there is not any allegation that at any time before or subsequent to the commencement of the action the plaintiff was or is entitled to the possession of the property; and (4) that the complaint is so vague, uncertain and indefinite in the description and identification of the property as to wholly fail to sustain the judgment.

We have been somewhat loath to declare the complaint sufficient, but we believe it was not vulnerable upon general demurrer; being of the opinion, however, that, if a special de-

murrer had been made, it should have been sustained. By
fair intendment, we think that the complaint implies that at
the time of the demand, on the 10th of March, the plaintiff
was the owner, and thereafter was such, and entitled to the
possession, up to and at the time of the commencement of the
action. Although the complaint was not filed until nearly two
months after March 10, 1902, yet it does not appear that it was
not verified upon the day the action was commenced, and we in-
fer that the allegations as to ownership and wrongful detention
relate to the time of the commencement of the action as well as
to the time prior.

The second specification is that the court erred in entering
judgment on the verdict, for that the verdict is so vague, in-
definite, and uncertain as to fail to sustain the judgment.
Seven reasons are assigned. Some of these reasons go to the
fact that the verdict does not find for the plaintiff in the full
number of animals claimed; the number mentioned in the ver-
dict being twelve less than those demanded in the complaint.
This being an appeal from the judgment, and we not having
the evidence before us, we must presume that it showed that
these were all the animals defendant had that belonged to the
plaintiff.

Under this specification, appellant complains that the ver-
dict does not find that at the time of the commencement of the
action the plaintiff was the owner or entitled to the possession
of the property. We do not understand that in a verdict a
jury is expected to make any such statement in terms. A gen-
eral verdict implies a finding upon each material issue.

Further complaint is made under this head that the verdict
is not responsive to the issues, in that it places on the twenty-
nine (twenty-six?) head of steers a valuation in excess of the
amount alleged in the complaint. Plaintiff alleges in the com-
plaint that there were thirty-five steers and cows, of the value
of $1,200. The average value of these thirty-five animals is
less than the value per head found by the jury as the value of
each of the twenty-six steers mentioned in the verdict, but their

total value, to wit, $1,105, is less than the total value of the
thirty-five animals of which the twenty-six were a part.    It is
to be presumed that the evidence supports the verdict in this
behalf.

As to the other reasons under this head referring to the ver-
dict, it is sufficient to say that we find that the verdict is sup-
ported by the pleadings, and presumably by the evidence.

The third, fourth, and fifth specifications attack the instruc-
tions of the court, which are few in number, and not numbered.
We have examined the instructions, and find that they are not
prejudicial to the defendant,* but that, if judgment had gone
against the plaintiff, he might have found fault with them, for
the reason that they require the jury to find more than it was
necessary for him to prove.

Although there is not any express allegation in the com-
plaint that at the time of the taking the plaintiff was the owner,
or any express statement that he was entitled to the possession,
of the property, still there is a declaration that at the time of
the demand he was the owner, and was such up to the time of
the making of the complaint, and, in the absence in the record
of anything to the contrary, presumably up to the time of the
commencement of the action; and it is fairly implied in the
complaint that he was entitled to the immediate possession at
the time of the commencement of the action, and that he was be-
ing unlawfully kept out of such possession by the defendant.
The complaint seems to be one in *detinet,* and not in *cepit.*
Such being the case, it would seem that the court erred against
the plaintiff, and not the defendant, when it instructed the jury
to find as to whether the plaintiff was "at the times men-
tioned the owner of any of the cattle"; thus erring against
the plaintiff in requiring that he prove that he was the owner
at least at one date immaterial in a proceeding in *detinet.*

We do not think that the judgment is, as appellant com-
plains, so vague and uncertain in the description of the property
as to render it impossible to identify the animals and enable
the defendant to make a return thereof.    The presumption,

of course, is that the evidence showed that the cattle mentioned in the complaint were marked and branded as stated in the verdict, and that the number of animals found by the jury were all that the defendant had, so marked and branded, belonging to the plaintiff.

We do not find any error prejudicial to the defendant, and the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

Rehearing denied October 12, 1905.